```
        IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF KANSAS
```

**DAVID WARD,**

                **Petitioner,**

      v.                                              CASE NO. 04-3030-RDR

**U.S. BUREAU OF PRISONS,
et al.,**

                **Respondents.**

### O R D E R

This matter is before the court on a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241 by a prisoner in federal custody. Petitioner asserts he was denied due process in an administrative disciplinary proceeding.

**Background**

At all relevant times, petitioner was incarcerated in the United States Penitentiary, Leavenworth, Kansas. On January 3, 2003, prison staff conducted a strip search of the petitioner in Cell No. 231, B-Lower. During that search, staff found a foil packet on the cell floor which contained a dark brown substance. The contents later tested positive for heroin. Petitioner and his cellmate were placed in the Special Housing Unit and officers conducted a search of the cell. During that search, another staff member found a second foil-wrapped packet under the mattress of the top bunk. That item also tested positive for

heroin.

On January 4, 2003, petitioner was given notice of charges of possession of narcotics and received a copy of the incident report. The Unit Discipline Committee conducted an initial hearing on the report on January 8, 2003, and petitioner received a notice of referral of the matter to the Discipline Hearing Officer.

On January 14, 2003, a disciplinary hearing was conducted on the incident report. Petitioner waived his request for a staff representative and for the appearance of one witness. Two witnesses provided information during the proceeding. The Discipline Hearing Officer found petitioner guilty, and petitioner was given written notice of the decision and the reasons supporting the finding against him.

Petitioner contends the finding of guilt should be overturned because another prisoner admitted to the prohibited act.

### Discussion

Due process protection for prisoners in administrative disciplinary proceedings is governed by Wolff v. McDonnell, 418 U.S. 539, 564-66 (1974). Under Wolff, prison officials must provide a prisoner with: (1) advance written notice of the disciplinary charges, (2) an opportunity for the prisoner to call witnesses and present evidence when these procedures would not interfere with institutional safety and goals, and (3) a written

statement concerning the evidence relied on for disciplinary action.  See Wolff, 418 U.S. at 564-66.

A finding in a disciplinary hearing must be supported by "some evidence."  Superintendent, Massachusetts Correctional Institution, v. Hill, 472 U.S. 445, 454-55 (1985).  A court's review of such a proceeding in habeas corpus "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary [official]."  Id. at 455-56 (citations omitted).

In this case, the record shows that two packets of heroin were found in the cell occupied by the petitioner and his cellmate, and the court finds the decision of the prison hearing officer that the petitioner was in possession of the heroin is based upon sufficient evidence to withstand petitioner's challenge.  The fact that another prisoner provided a statement that the heroin was his presents a question of credibility to be determined by the hearing officer, and this court will not reassess the weight to be given that evidence.

The court finds the petitioner was afforded the requisite due process in the disciplinary proceeding and concludes the finding of the disciplinary hearing officer should be sustained.

IT IS THEREFORE ORDERED the petition for habeas corpus is

3

dismissed and all relief is denied.

Copies of this order shall be transmitted to the parties.

**IT IS SO ORDERED.**

DATED:  This 22nd day of June, 2006, at Topeka, Kansas.


S/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge

4